## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**MUSTAPHA AHARIACHE**                                                                        **PETITIONER**

**VERSUS**                                             **CIVIL ACTION NO. 5:20-cv-48-DCB-MTP**

**SHAWN R. GILLIS**                                                                              **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition [1] of Mustapha Ahariache for Writ of Habeas Corpus. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that that the Petition be dismissed as moot.

On February 24, 2020, Ahariache filed his Petition for habeas corpus asserting that he had been detained in immigration custody in excess of six months following a final removal order in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner requested to be released from custody pending his removal. Pet. [1] at 11.

On April 14, 2020, Respondent filed a Motion to Dismiss [7]. Respondent argues that the Petition is moot because Petitioner was released from Immigration and Custody Enforcement ("ICE") custody under an order of supervision on April 7, 2020. Mem. [8] at 1. Petitioner has not responded to the Motion [7] or disputed the evidence showing that he was released on conditions of supervision and is no longer detained pending his removal.

Because the only relief Petitioner seeks is his release from immigration custody, his Petition [1] became moot upon his release into the United States on conditions of supervision, which terminated his immigration detention.[1] *Dien Thanh Ngo v. Johnson*, 2019 WL 3468909,

---

[1] The undersigned recognizes that the Fifth Circuit has not specifically considered whether a habeas petition is mooted by the alien's subsequent release on supervision, but other circuits have so found. *See Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002); *Nunes v.*

1

at *2 (N.D. Tex. July 17, 2019) (release moots a § 2241 petition challenging continued detention pending removal); *Jobe v. Barr*, 2019 WL 4879176, at *2 (W.D. La. Sept. 3, 2019); *Chen v. Cole*, 2016 WL 7670691, *1 (W.D. La. Aug. 23, 2016); *Juene v. Smith*, 2012 WL 827004, at *2 (W.D. La. Jan. 18, 2012); *Singh v. Mukasey*, 2009 WL 1097255, at *1-2 (N.D. Tex. Apr. 22, 2009).  The Petition no longer presents a live case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution.  Therefore, it should be dismissed as moot.  *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (noting that a court lacks subject-matter jurisdiction if a controversy is moot).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Respondent's Motion to Dismiss [7] be GRANTED and the Petition [1] be DISMISSED with prejudice as moot.

## RIGHT TO OBJECT

 In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal

---

*Decker*, 480 F. App'x 173, 175 (3d Cir. 2012); *Alvarez v. Conley*, 145 F. App'x 428, 429 (4th Cir. 2005).

conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

     THIS the 29th day of April, 2020.

                                    s/ Michael T. Parker
                                    United States Magistrate Judge